IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JESSICA SCHARFENBERG, and DENISE ACOSTA,<br><br>Plaintiffs,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC, f/k/a Enhanced Recovery Corporation, a Delaware limited liability company,<br><br>Defendant. | : | CIVIL ACTION FILE<br><br>NO. ____________________ |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227 and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiffs are residents of this State and are authorized by law to bring this action.

4. Defendant ENHANCED RECOVERY COMPANY, LLC, formerly known as Enhanced Recovery Corporation, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Florida. [Hereinafter said defendant is referred to as "ERC"].

5. ERC transacts business in the State of Georgia.

6. ERC's transactions in the State of Georgia give rise to Plaintiffs' choses in action.

7. ERC is in the business of collecting debts.

8. In the course of its business, ERC initiated telephone calls to Plaintiffs' cellular telephone numbers in Georgia.

9. ERC is subject to the jurisdiction and venue of this Court.

10. ERC may be served by personal service on its registered agent in the State of Georgia, to wit: Capitol Corporate Services, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

11. Other defendants may be discovered in the course of litigation, and plaintiffs respectfully prays that the Court will permit the addition of later discovered parties upon motion. Specifically, the creditor(s) on whose behalf the calls were placed may be added as a party and liable for the conduct of ERC.

## STATEMENT OF FACTS

12. Defendant made and/or initiated telephone calls to Plaintiffs' cellular telephone numbers.

13. In some of the telephone calls, Defendant used an artificial or prerecorded voice to deliver a message.

14. All of the telephone calls were initiated using a predictive dialer.

15. All of the telephone calls were initiated using software capable of predictive dialing.

16. The telephone calls to Plaintiffs' cellular telephone numbers were initiated using equipment that dials numbers.

17. ERC's dialing equipment, in conjunction with its collection software, has the capacity to store telephone numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

18. ERC's dialing system has the capacity to dial from a list of telephone numbers without human intervention.

19. ERC's telephone calls to Plaintiffs were initiated using an automatic telephone dialing system.

20. ERC did not have the prior express consent of Plaintiffs to initiate telephone calls to their cellular telephone numbers using an automatic telephone dialing system.

21. ERC did not have the prior express consent of Plaintiffs to initiate telephone calls to their cellular telephone numbers using an artificial or prerecorded voice to deliver a message.

22. The telephone calls to Plaintiffs' cellular telephone numbers were knowingly and/or willfully initiated using an automatic telephone dialing system.

23. The telephone calls to Plaintiffs' cellular telephone numbers which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

24. The telephone calls to Plaintiffs' cellular telephone number were not initiated by accident or mistake.

25. It was the intent of ERC to initiate the telephone calls to the cellular telephone numbers at issue.

26. Plaintiffs have complied with all conditions precedent to bring this action.

**CAUSE OF ACTION**

**TELEPHONE CONSUMER PROTECTION ACT**

27. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

28. Defendant's violations of the TCPA include, but are not limited to, the following:

29. Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service,

in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

30. As a result of Defendant's actions, Plaintiffs are entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

31. In the event that this Court finds that the Defendant's violations were committed willfully or knowingly, Plaintiffs request an award of statutory damages of $1,500.00 for each such violation.

32. In the event that this Court finds that the Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiffs unnecessary trouble and expense, Plaintiffs request an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

**PRAYERS FOR RELIEF**

WHEREFORE, PLAINTIFFS RESPECTFULLY PRAY THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFFS, AS FOLLOWS:

a) That Plaintiffs be awarded statutory and treble damages;

b) That Plaintiffs be awarded the expenses of litigation, including costs and a reasonable attorney's fee;

c) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by: /s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax

ATTORNEYS FOR PLAINTIFFS